

FILED IN OPEN COURT
U.S.D.C. - Atlanta

FEB - 6 2024

KEVIN P. WEIMER, Clerk
By: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RODERICK B. BILLINGSLEA | Criminal Indictment<br><br>No. **1:24-CR-043** |

THE GRAND JURY CHARGES THAT:

### Counts One and Two

### *Wire Fraud*

1. Beginning in or about June 2020 and continuing until in or about April 2022, in the Northern District of Georgia and elsewhere, Defendant RODERICK B. BILLINGSLEA, aided and abetted by others unknown to the Grand Jury, did knowingly devise and intend to devise a scheme and artifice to defraud, and for the purpose of obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omissions of material fact, knowing and having reason to know that the pretenses, representations, promises, and omissions were and would be false and fraudulent when made and caused to be made, and that said pretenses, representations, promises, and omissions were and would be material.

### *Relevant Entities*

### *The Federal Motor Carrier Safety Administration*

2. The Federal Motor Carrier Safety Administration ("FMCSA") is an agency of the United States that is part of the Department of Transportation ("DOT").

The FMCSA was charged with, among other things, prescribing and enforcing safety regulations involving the use of commercial motor vehicles ("CMVs") in interstate commerce to transport passengers or property, and was responsible for, among other things, the regulations of both CMV carriers and their drivers.

3. A motor carrier is forbidden from operating unless the motor carrier is registered in accordance with the requirements mandated by the Secretary of Transportation (as delegated to the FMCSA), pursuant to 49 U.S.C. § 13901 & 13902. The FMCSA registers motor carriers by issuing certificates to operate pursuant to 49 C.F.R. § 365.101. The application process requires the motor carrier representative to complete an application form, MSCA-1, and submit that form under penalty of perjury. The application may be completed and submitted through an online official website.

4. FMCSA is required to revoke the registration/certificate to operate when a motor carrier receives an unsatisfactory safety rating. In the event that violations are determined to pose an imminent hazard, the FMCSA may immediately place a motor carrier out of service, which makes it a violation for the motor carrier to operate commercial motor vehicles in interstate and intrastate commerce.

5. When the FMCSA places a motor carrier out of service, the carrier is prohibited from operating under another name or creating another business entity to avoid the impact of the out-of-service order.

## *Defendant and His Business Entities*

6. Defendant BILLINGSLEA, a resident of Acworth, Georgia, was the sole owner and officer of Billingslea, Inc. ("Billingslea, Inc.").

7. On or about June 27, 2018, Defendant BILLINGSLEA filed Articles of Incorporation with Florida's Division of Corporations for Billingslea, Inc. The incorporation documents list the principal place of business as 11 Harmony Rd., Acworth, Georgia and identify Defendant BILLINGSLEA as the President of the business.

8. Billingslea, Inc. was a trucking company regulated by the FMCSA.

9. On or about September 24, 2018, Defendant BILLINGSLEA registered Billingslea, Inc. with FMCSA by completing Form MCSA-1. In that form, he listed Billingslea, Inc.'s principal place of business as 4312 Ellipse Drive, Jacksonville, Florida, and identified himself as the President of the company.

10. On or about July 31, 2019, Defendant BILLINGSLEA registered his business Freight Angels LLC, a trucking company he owned and operated, with FMCSA by completing Form MCSA-1. In that form, he listed Freight Angels LLC's principal place of business as 4312 Ellipse Drive, Jacksonville, Florida, and its mailing address as 11 Harmony Grove Parkway, Acworth, Georgia. Defendant BILLINGSLEA answered "yes" to Question 47 of the form which asked, "Do you currently have, or have you had within the last 3 years of the date of filing this application, relationships involving common stock, common ownership, common management, common control, or familial relationships with any FMCSA-regulated entities?" and identified Billingslea, Inc.

3

11. On or about October 19, 2019, Defendant BILLINGSLEA registered Wild Bill's Heavy Haul LLC, a trucking company he owned and operated, with the FMSCA by completing Form MCSA-1. In that form, he listed Wild Bill's Heavy Haul LLC's principal place of business as 11 Harmony Grove Parkway, Acworth, Georgia, identified himself as the primary contact person for the business, and listed his address as PO Box 1000, Grain Valley, Missouri. Defendant BILLINGSLEA answered "yes" to Question 47 of the form which asked, "Do you currently have, or have you had within the last 3 years of the date of filing this application, relationships involving common stock, common ownership, common management, common control, or familial relationships with any FMCSA-regulated entities?" and identified Billingslea, Inc. and Freight Angels LLC.

12. On or about June 26, 2020, Defendant BILLINGSLEA registered E Cargo, a trucking company that he owned and operated, with the FMCSA by completing Form MCSA-1. In that form, he listed E Cargo's principal place of business as 243 Reynoldsburg New Albany Road, Blacklick, Ohio, and identified himself as the business owner. Defendant BILLINGSLEA answered "no" to Question 47 of the form which asked, "Do you currently have, or have you had within the last 3 years of the date of filing this application, relationships involving common stock, common ownership, common management, common control, or familial relationships with any FMCSA-regulated entities?"

13. On or about November 3, 2020, Defendant BILLINGSLEA, or someone acting on his behalf, registered Hidden Valley Transport, a trucking company

that Defendant BILLINGSLEA owned and operated, with the FMCSA by completing Form MCSA-1. In that form, Hidden Valley Transport's principal place of business address was listed as 3 Summer Court, Edgewood, New Mexico, an individual with the initials M.C. was listed as the representative of the business, and the answer "no" was checked in response to Question 47 which asked, "Do you currently have, or have you had within the last 3 years of the date of filing this application, relationships involving common stock, common ownership, common management, common control, or familial relationships with any FMCSA-regulated entities?"

14. On or about November 4, 2020, Defendant BILLINGSLEA, or someone acting on his behalf, registered US Transport, a trucking company that Defendant BILLINGSLEA owned and operated, with the FMCSA by completing Form MCSA-1. In that form, US Transport's principal place of business was listed as 121 Mechanic Street, Harrington, Delaware, an individual with the initials L.G. was listed as the manager of the business, and "no" was checked in response to Question 47 which asked, "Do you currently have, or have you had within the last 3 years of the date of filing this application, relationships involving common stock, common ownership, common management, common control, or familial relationships with any FMCSA-regulated entities?"

15. On or about November 11, 2020, Defendant BILLINGSLEA, or someone acting on his behalf, registered Midwest Express, a trucking company that Defendant BILLINGSLEA controlled, with the FMCSA by completing Form MCSA-1. In that form, Midwest Express's principal place of business was listed

5

as 4 Ruby Lane, Moorcroft, Wyoming, an individual with the initials M.J. was listed as the manager of the business, and "no" was checked to Question 47 which asked, "Do you currently have, or have you had within the last 3 years of the date of filing this application, relationships involving common stock, common ownership, common management, common control, or familial relationships with any FMCSA-regulated entities?"

16. On or about October 19, 2022, Defendant BILLINGSLEA, or someone acting on his behalf, registered Dispatch USA, a trucking company that Defendant BILLINGSLEA controlled, with the FMCSA by completing Form MCSA-1. In that form, Dispatch USA's principal place of business was listed as 190 6th Avenue N, Birmingham, Alabama, an individual with the initials D.W. was listed at the business representative, and "no" was checked to Question 47 which asked, "Do you currently have, or have you had within the last 3 years of the date of filing this application, relationships involving common stock, common ownership, common management, common control, or familial relationships with any FMSCA-regulated entities?"

## *The Small Business Administration*

17. The United States Small Business Administration ("SBA") is an executive branch agency of the United States government that provides support to entrepreneurs and small businesses. The mission of the SBA is to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

18. As part of this effort, the SBA enables and provides for loans through banks, credit unions, and other lenders. These loans have government-backed guarantees.

*The Paycheck Protection Program*

19. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted in or around March 2020, and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). In or around April 2020, Congress authorized over $300 billion in additional PPP funding.

20. In order to obtain a PPP loan, a qualifying business had to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) had to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition,

businesses applying for a PPP loan had to provide documentation showing their payroll expenses.

21. PPP loan applications were processed by participating lenders. If a PPP loan application was approved, the lender funded the PPP loan using its own monies, which were 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, were transmitted by the lender to the SBA in the course of processing the loan.

22. Businesses were required to use PPP loan proceeds on certain permissible expenses — payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time after receiving the proceeds and used a certain amount of the PPP loan proceeds on payroll expenses.

23. In order to get the loan forgiven, borrowers were required to complete an online forgiveness application that was submitted to the lender for approval. After the forgiveness application was approved, the borrower was no longer responsible to pay back the PPP loan to the lender.

24. The PPP is overseen by the SBA, which is headquartered at 409 3rd Street SW, Washington, D.C. 20416, and has authority over all loans. Individual PPP loans, however, were issued by private approved lenders (most commonly, banks and credit unions), which received and processed PPP applications and supporting documentation, and then made loans using the lenders' own funds.

### *Relevant Financial Entities*

25. Kabbage, Inc. ("Kabbage") was an online financial technology company based in Atlanta, Georgia. The company provided funding directly to small businesses and consumers through an automated lending platform. Kabbage was an SBA-approved lender and participated in the PPP program. Kabbage's servers were located in Virginia.

26. At all times relevant to these charges, Wells Fargo Bank was a financial institution based in San Francisco, California that was insured by the FDIC. Kabbage maintained a bank account ending 2197 at Wells Fargo, from which Kabbage disbursed all PPP loans.

27. Navy Federal Credit Union ("NFCU") is a financial institution based in Vienna, Virginia that is insured by the National Credit Union Administration. Defendant BILLINGSLEA maintained multiple bank accounts with NFCU including a business checking account ending 5085 for Billingslea, Inc.

### *The Scheme to Defraud*

28. By submitting false and fraudulent information about his business Billingslea, Inc., Defendant BILLINGSLEA unlawfully obtained a PPP loan from Kabbage, and then submitted false and fraudulent information in order to induce the loan to be forgiven.

### *Manner and Means*

29. On or about November 20, 2019, FMCSA completed a compliance review of Billingslea, Inc. which discovered serious violations of the FMCSA's

regulations and the hazardous material regulations, and gave Billingslea, Inc. 60 days to correct the violations.

30. On or about January 7, 2020, FMCSA issued a final order ("the Final Order") to Billingslea, Inc. to cease and desist all transportation in interstate and intrastate commerce, and revoked Billingslea Inc.'s registration effective January 20, 2020.

31. The Final Order applied to Billingslea, Inc. and to any successor entities, including any motor carrier entity or entities established or used to avoid the consequences of the "final" unsatisfactory safety rating.

32. On or about June 17, 2020, Defendant BILLINGSLEA filed an online application with Kabbage for a PPP loan on behalf of Billingslea, Inc. knowing that FMCSA had ordered Billingslea, Inc. to cease operating.

33. On the application form, Defendant BILLINGSLEA falsely answered "No" to the question "Is the Applicant or any owner of the Applicant presently suspended, debarred, proposed for debarment, declared ineligible, voluntarily excluded from participation in this transaction by any Federal department or agency, or presently involved in any bankruptcy?" knowing that Billingslea, Inc. had been ordered to cease and desist all operations.

34. On the application form, Defendant BILLINGSLEA also falsely claimed that Billingslea, Inc. had 25 employees and a monthly payroll of $225,746.

35. Based on the false information, Kabbage approved a loan for $564,363.00.

36. On or about June 19, 2020, Wells Fargo transferred $564,363.00 from Kabbage's account ending 2197 to Billingslea, Inc.'s NFCU account ending 5085.

37. Defendant BILLINGSLEA used the funds for personal gain and to continue to operate illegal trucking businesses including Billingslea, Inc., Freight Angels, LLC, Wild Bill's Heavy Haul, E Cargo, Hidden Valley Transport, US Transport, Midwest Express and Dispatch USA.

38. In or about February and March 2022, Defendant BILLINGSLEA applied to have his PPP loan forgiven. In connection with his forgiveness application, false and fraudulent documents that Defendant BILLINGSLEA submitted to Kabbage and its assignees were transmitted to the SBA. Specifically, false and fraudulent payroll lists, a false W-3 tax document, and a false Georgia Department of Labor Employer's Quarterly Tax & Wage Report were submitted to the SBA in support of Defendant BILLINGSLEA's forgiveness application.

39. On or about April 19, 2022, Defendant BILLINGSLEA's PPP loan was forgiven in its entirety.

**Execution of the Scheme**

40. On or about dates listed below, in the Northern District of Georgia and elsewhere, Defendant RODERICK B. BILLINGSLEA, aided and abetted by others unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, with intent to defraud, caused the wire communications identified below to be transmitted in interstate commerce.

| Count | Date | Wire Communication |
|---|---|---|
| 1 | 02/01/2022 | False GA DOL Employer's Quarterly Tax & Wage report (Form DOL-4N) submitted to SBA |

11

| Count | Date | Wire Communication |
|-------|------|--------------------|
| 2 | 02/14/2022 | False 2019 Form W3 document submitted to SBA |

All in violation of Title 18, United States Code, Section 1343 and Section 2.

## Counts Three through Seven

### *Falsification of records*

**41.** The Grand Jury re-alleges and incorporates by reference the factual allegations set forth in Paragraphs Two through Sixteen of this Indictment as if fully set forth herein.

**42.** On or about the dates listed below, in the Northern District of Georgia and elsewhere, Defendant RODERICK B. BILLINSGLEA, aided and abetted by others unknown to the Grand Jury, knowingly made the false entries identified below on Form MCSA-1, a form required to operate a motor carrier entity in the United States, knowing that Defendant BILLINGSLEA controlled the motor carrier entity and had been ordered by FMCSA to cease and desist operating as any carrier, with the intent to impede, obstruct, and influence the proper administration of a matter that was within the jurisdiction of the United States Department of Transportation, a department and agency of the United States:

| Count | Date | Business Entity | False Entry |
|-------|------|-----------------|-------------|
| 3 | 06/26/2020 | E Cargo | False Business Address<br>False Answer to Question 47 |
| 4 | 11/03/2020 | Hidden Valley | False Business Owner<br>False Business Address<br>False Answer to Question 47 |
| 5 | 11/04/2020 | US Transport | False Business Owner<br>False Business Address<br>False Answer to Question 47 |

| Count | Date | Business Entity | False Entry |
|---|---|---|---|
| 6 | 11/11/2020 | Midwest Express | False Business Owner<br>False Business Address<br>False Answer to Question 47 |
| 7 | 10/19/2022 | Dispatch USA | False Business Owner<br>False Business Address<br>False Answer to Question 47 |

All in violation of Title 18, United States Code, Section 1519 and Section 2.

## Forfeiture

43. Upon conviction of any of the offenses alleged in this Criminal Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of said violations.

44. Upon conviction of any of the offenses alleged in this Criminal Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property real or personal, involved in such offense and all property traceable to such offenses.

45. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

   a. Cannot be located upon the exercise of due diligence;

   b. Has been transferred or sold to, or deposited with, a third person;

   c. Has been placed beyond the jurisdiction of the Court;

   d. Has been substantially diminished in value; or

   e. Has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 18, United States Code, Section 982(b) and Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any property of the defendants up to the value of the forfeitable property.

A ___True___ BILL

___/s/___
FOREPERSON

RYAN K. BUCHANAN
*United States Attorney*

DIANE C. SCHULMAN
*Special Assistant United States Attorney*
Georgia Bar No. 497764

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

14